**In re OSMAN.**

[Cite as *In re Osman* (1996), 109 Ohio App.3d 731.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 95–P–0061.

Decided April 22, 1996.

*Victor V. Vigluicci,* Portage County Prosecuting Attorney, and *Barbara R. Oswick,* Assistant Prosecuting Attorney, for appellee.

*Donald P. Mitchell, Jr.,* for appellant.

---

JOSEPH E. MAHONEY, Judge.

On December 9, 1994, appellant, Ronald J. Osman, Jr., then aged fourteen, attended a dance at a local church. The dance ended at approximately 10:00 p.m., at which time appellant and his friends began walking around Ravenna before going to a Taco Bell restaurant for some food. At 11:45 p.m., Patrolman Timothy Mullen of the Ravenna Police Department observed appellant running across a street. Officer Mullen stopped appellant and informed him that it was past curfew. The officer then drove appellant home where they were met by appellant's father.

Upon returning appellant to his home, Officer Mullen, who had only been on the job six days, did not intend to cite appellant for a curfew violation. While he was at appellant's home, however, Officer Mullen received a call on his radio from Sergeant Eatinger, of the Ravenna Police Department, instructing him to charge appellant with a violation of the Ravenna Curfew Ordinance which generally requires fourteen-year-olds to be off the streets by 11:00 p.m.

On January 12, 1995, a complaint was filed against appellant in Portage County Common Pleas Court, Juvenile Division, alleging that appellant was an unruly child due to violation of the Ravenna Curfew Ordinance. The matter proceeded to a hearing before a referee on April 26, 1995. The only witness to testify at the hearing besides Officer Mullen was Sue Osman, the mother of Ronald, who testified as to his age only. The referee found appellant to be an unruly child and sentenced him to five days' detention and one year probation. The referee then

suspended all five days of the detention. Appellant timely filed objections to the referee's report. On May 22, 1995, the trial court conducted a hearing on appellant's objections. On June 5, 1995, the trial court overruled appellant's objections and adopted the referee's decision.

Appellant timely filed a notice of appeal with the following assignments of error:

"1. The trial court did error [*sic*] in upholding the referee's findings and not declaring the City of Ravenna's Curfew Ordinance unconstitutional.

"2. The trial court's error [*sic*] against the manifest weight of the evidence in following the referee's findings that the state met its burden of proof on the identification issue.

"3. The trial court judge abused his discretion and erred as a matter of law and denied appellant * * * due process of law by delegation and deferring to the referee's judgment, that which the judge has a duty and authority to review being the objection to the referee['s] findings on whether the burden of proof was met in the identification of the appellant-plaintiff.

"4. The trial court's error as a matter of law and as an abuse of its discretion in upholding the referee['s] [*sic*] findings of a disposition of five days in the juvenile detention center when the mandatory statutory hearing required under R.C. 2151.354 was not held to determine if confinement disposition was necessary treatment for an unruly child (appellant)."

In the first assignment of error, appellant contends that Ravenna's Curfew Ordinance is unconstitutional as it is overly vague. Ravenna Ordinance 509.08 provides:

"(b) No minor fourteen years of age or older and under the age of sixteen years shall be upon the streets, sidewalks, parks or other public places within the City between 11:00 p.m. and 6:00 a.m. of the following day.

" * * * *

"(d) The provisions of subsections (a), (b) and (c) hereof shall not apply to any minor accompanied by his or her parent, guardian or other adult person having the care and custody of the minor or when the minor is upon an emergency errand or legitimate business directed by his or her parent, guardian or other adult person having the care and custody of the minor."

Appellant relies on a 1957 appellate decision from California, *Alves v. Justice Court of Chico Judicial Dist.* (1957), 148 Cal.App.2d 419, 306 P.2d 601, and a common pleas court decision from Van Wert County, *In re Mosier* (1978), 59 Ohio Misc. 83, 13 O.O.3d 290, 394 N.E.2d 368, to support his claim that the curfew ordinance is unconstitutional. While this court recognizes that there have been

many decisions concerning the constitutionality of curfew ordinances from jurisdictions across the country going both ways, Ohio case law is rather sparse. One of the few reported decisions in Ohio, however, besides *Mosier*, was decided by the Lake County Court of Appeals, when that court was part of the Seventh District Court of Appeals, prior to the creation of the Eleventh District Court of Appeals.

In *Eastlake v. Ruggiero* (1966), 7 Ohio App.2d 212, 36 O.O.2d 345, 220 N.E.2d 126, the court held that a curfew ordinance that restricts minors from being upon public streets or sidewalks during nighttime periods is constitutionally valid as long as it does not exceed the bounds of reasonableness. *Id.* at 215, 36 O.O.2d at 347, 220 N.E.2d at 128. The court recognized that the activities and conduct of children under the age of eighteen may be regulated and restricted to a far greater extent than those of adults. The court stated:

"We feel that curfew ordinances for minors are justified as necessary police regulations to control the presence of juveniles in public places at nighttime with the attendant risk of mischief, and that such ordinances promote the safety and good order of the community by reducing the incidence of juvenile criminal activity." *Id.* at 215, 36 O.O.2d at 347, 220 N.E.2d at 128.

The ordinance in *Ruggiero* was similar to the one in the case *sub judice* in that it prohibited a fourteen-year-old from being on the streets or sidewalks between the hours of 11:00 p.m. and 6:00 a.m. "unless accompanied by a parent, guardian or some responsible person over the age of twenty-one (21) years or a member of his family eighteen (18) years or older, or unless he has a legitimate excuse therefor." *Id.* at paragraph two of the syllabus. In fact, if anything, the Ravenna Curfew Ordinance is less vague in that the exception that allows a child to be on the street during the restricted hours is limited to the child being on "an emergency errand or legitimate business directed by his or her parent, guardian or other adult person having the care and custody of the minor" or when accompanied by an adult.

■ We agree with the *Ruggiero* court. Simply stated, there is a compelling governmental interest in reducing juvenile crime while promoting juvenile safety and well-being. The ordinance in question uses the least restrictive means of accomplishing its goals by containing an exception clause that permits minors to remain in public places during the curfew hours in cases of emergency or when directed by his parents for legitimate business.

Appellant takes issue with that portion of the Ravenna ordinance that makes an exception for a minor who is engaged in "legitimate business directed by his or her parent, guardian or other adult person having the care and custody of the minor." Specifically, appellant contends that the term "legitimate business" is

too vague. However, the Tenth District Court of Appeals, in a case involving the constitutionality of a daylight curfew, held that a Columbus ordinance which also made an exception when the minor was on "legitimate business" was not unconstitutionally vague. *In re Carpenter* (1972), 31 Ohio App.2d 184, 191, 60 O.O.2d 287, 291–292, 287 N.E.2d 399, 403–404. We agree. If the minor is out after curfew at the direction of the parent for the parent's benefit, as opposed to the minor's benefit, the presumably more responsible parent will have made the decision rather than the minor.

The Ravenna Curfew Ordinance is not unconstitutional and, thus, appellant's first assignment of error is without merit.

In the second assignment of error, appellant asserts that the trial court erred in upholding the referee's finding that the state of Ohio met its burden of proof on the issue of identification. In the third assignment of error, appellant submits that the trial court failed to independently and carefully review the referee's finding that the state of Ohio met its burden of proof on the issue of identification. These assignments of error are interrelated and will be addressed together.

It is appellant's contention that the state failed to prove that he was the minor that Officer Mullen stopped for violating the Ravenna Curfew Ordinance. The testimony of Officer Mullen on this issue at the hearing was the following:

"Q. All right. And, is R.J. Osman in this courtroom today?

"A. I think that's him right there.

"Q. Okay. Can you identify him?

"A. I believe that's him. He was wearing a hat that night and a coat, but, yeah, it looks like him.

"The Court: Why don't you tell me who you're pointing to or who you're indicating, what he's wearing.

"—Blue jeans, pull over shirt.

"The Court: Okay. And, that's the person you filed this charge against?

"Patrolman Mullen: I believe it is.—

"Mr. Mitchell: Objection, your Honor.

"The Court: Overruled.

"Ms. Oswick: Let the record reflect that the officer has identified the defendant."

Later, during redirect examination, the referee asked Officer Mullen to point out appellant's father in the courtroom. Officer Mullen responded, "I believe that's Mr. Osman right there." From the testimony offered by the arresting

police officer, the referee and the trial court were satisfied that appellant had been sufficiently identified.

It is appellant's contention that the use of the word "believe" in Officer Mullen's testimony somehow lessens the resolve in his identification of appellant. We disagree. For a person to state that he believes something is true is no less positive than for that person to state that something is true. For if a person affirmatively states that a certain proposition is true, it is implied that the proposition is true in the belief of the person making the assertion.

"Believe" is defined in Webster's Ninth New Collegiate Dictionary (1991) 142, as follows:

"3: to hold an opinion, * * * to consider to be true or honest."

Thus, Officer Mullen had an opinion as to whether appellant was the person he arrested for violating the curfew ordinance. It was his opinion that appellant "truly" or "honestly" was the party in question. This was a positive identification that was sufficient to satisfy the identity element of the crime.

Accordingly, appellant's second and third assignments of error are without merit.

In the fourth assignment of error, appellant maintains that the trial court erred in sentencing him to five days of detention without first conducting the mandatory statutory hearing pursuant to R.C. 2151.354 to determine if confinement was necessary.

R.C. 2151.354 provides:

"(A) If the child is adjudicated an unruly child, the court may:

"(1) Make any of the dispositions authorized under section 2151.353 of the Revised Code;

"(2) Place the child on probation under any conditions that the court prescribes;

"(3) Suspend or revoke the driver's license issued to the child and suspend or revoke the registration of all motor vehicles registered in the name of the child;

"(4) If, after making a disposition under division (A)(1), (2), or (3) of this section, *the court finds upon further hearing* that the child is not amenable to treatment or rehabilitation under that disposition, make a disposition otherwise authorized under divisions (A)(1) to (3) and (A)(6) to (10) of section 2151.355 of the Revised Code." (Emphasis added.)

The reference to R.C. 2151.355 in paragraph (4) allows for confinement of the child. Appellant contends that since that trial court did not conduct a further hearing to determine whether he was amenable to treatment or rehabilitation, the

court was without authority to sentence him to five days of detention. We agree. The language of the statute clearly prohibits detention of an unruly child unless a further hearing is held to determine whether the child is amenable to treatment or rehabilitation.

The state of Ohio responds by arguing that since all five days of detention were suspended, the trial court did not actually impose a period of detention. This argument is without merit. While the end result may possibly be the same, *i.e.*, appellant spends no time in detention, the result will be different should appellant violate the terms of his probation. Accordingly, this matter must be remanded to the trial court to enter a disposition in accordance with R.C. 2151.354(A).

Appellant's fourth assignment of error is sustained.

The judgment is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment accordingly.*

FORD, P.J., and NADER, J., concur.